IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MARIO D. BLUE,** | CASE NO. 1:22 CV 518 |
| **Plaintiff,** | JUDGE CHARLES E. FLEMING |
| v. | |
| **CAPITAL ONE AUTO FINANCE, et al.,** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

### INTRODUCTION

Defendants removed this action brought under 15 U.S.C. §§ 1635(b) and 1640 from the Cuyahoga County Court of Common Pleas. In the Complaint, p*ro se* Plaintiff Mario Blue seeks recission of a credit transaction to purchase a new Ram 1500 truck. He requests return of his down payment and the monetary value of the vehicle for which he received a "trade-in-allowance." He also seeks monetary damages permitted under 15 U.S.C. § 1640.

### BACKGROUND

Plaintiff purchased a Ram 1500 pickup truck from the Brunswick Auto Mart Dealership on August 8, 2021. He provided a down payment of $4,000.00. The Dealership gave him a trade-in-allowance of $2,500.00 for his 2006 Chrysler Town and Country minivan. He applied for and received financing for the remaining balance of the purchase price through Capital One Auto Finance. Five months later, on January 21, 2022, Plaintiff attempted to rescind the credit transaction citing 15 U.S.C. § 1635(b). He submitted a Right of Recission Notice to the Defendants asking for return of his down payment and the Town and Country minivan or its monetary value.

Counsel for the Defendants responded to the request by informing Plaintiff that: (a) the statutes he cites for recission refer to residential mortgages, not automobile loans, and (b) even if recission were applicable, he would have to return the Ram truck. Plaintiff then filed this suit for damages under 15 U.S.C. § 1640 claiming the Defendants violated § 1635(b) by not honoring his request for recission.

## STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

## DISCUSSION

Plaintiff does not possess a right to rescind his purchase of a motor vehicle under 15 U.S.C. § 1635. The right to rescind provided by that statute is found in subsection (a) which provides:

> …in the case of any consumer credit transaction … in which a security interest … is or will be retained or acquired **in any property which is used as the principal dwelling of the person to whom credit is extended**, the obligor shall have the right to rescind the

> transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and recission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so.

15 U.S.C. § 1635(a) (emphasis added). Subsection (b), which Plaintiff cites as authority for return of his down payment and trade-in vehicle, begins with the phrase, "When an obligor exercises his right to rescind under subsection (a), …." 15 U.S.C. § 1635(b). By the express language of the statute, this right of recission and the return of property apply only to residential mortgages. They do not apply to the purchase of a motor vehicle.

Furthermore, in situations in which recission is appropriate, the statute requires the purchaser to return the property he purchased if he took possession of it prior to recission. 15 U.S.C. § 1635(b). Recission places the parties in the position they would have been in if the transaction had not taken place. There is no statute that would allow the Plaintiff to keep the new truck, and not pay for it.

## CONCLUSION

Accordingly, this action is dismissed pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Dated: April 12, 2022

*Charles Fleming*
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE